IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01790-BNB

VINCENT E. LOGGINS,

    Applicant,

v.

UNITED STATES OF AMERICA, and
JOHN W. SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Vincent E. Loggins, currently is held at the Colorado Mental Health Institute (CMHIP) in Pueblo, Colorado, pursuant to an order of civil commitment entered in 1997. Originally, Applicant filed a Prisoner Complaint and asserted the plea agreement he entered into on October 27, 1989, was violated when he subsequently was required to register as a sex offender for the remainder of his life. Magistrate Judge Boyd N. Boland, after a review of the Complaint, determined that Applicant's claims more properly were raised in an action filed pursuant to 28 U.S.C. § 2254 and directed Applicant to submit his claims on a Court-approved form used in filing § 2254 actions. Applicant complied on July 15, 2013.

    Applicant raises three claims challenging the validity of his conviction in El Paso County Court Case No. 88CR424. Applicant contends that his name should be

removed from the sex offender registry because the registration requirement violates double jeopardy principles, his plea agreement, and bill of attainder principles.

On August 9, 2013, Magistrate Judge Boyd N. Boland directed Respondent to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondent submitted a Response on August 22, 2013, and Applicant submitted a Reply to the Response on August 23, 2013, and two construed supplements to the Reply on September 4, 2013.

The Court must construe liberally Applicant's filings because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not "assume the role of advocate for the pro se litigant." See Hall, 935 F.2d at 1110.

First, although the action has been construed as filed pursuant to 28 U.S.C. § 2254, the claims are subject to the time limitations under § 2244(d) whether brought pursuant to § 2254 or 28 U.S.C. § 2241 . See Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006). For the reasons stated below, the Court will dismiss the action because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

In October 1989, Applicant pled guilty to sexual assault on a child and was sentenced to ten years in prison. Pre-Answer Resp., ECF No. 13-1, App. A at 5. Applicant did not file a direct appeal. Id. In May 1990, while serving the ten year sentence, Applicant attacked a correctional officer; was charged with second degree assault on a peace officer; and on November 13, 1991, was found guilty by reason of

insanity and committed to the CMHIP. *Loggins v. Dequado*, 393 F. App'x 590, *592 (10th Cir. 2010). Applicant did not appeal the 1991 commitment. *See Loggins v. Bernal, et al.*, No. 12-cv-00456-LTB, ECF No. 15-1, App. A at 7 (D. Colo. Apr. 16, 2012). In 1994, a state trial court granted Applicant's petition for release from commitment but ordered him to finish his sex offense sentence in the DOC and imposed conditions that he receive psychiatric treatment and complete sex offender treatment while he was incarcerated. *Loggins*, 393 F. App'x at *591-92. Applicant also was required to return to the CMHIP for further evaluation after he completed his sex assault sentence in the DOC. *Id.* After completing his sex assault sentence on November 21, 1997, he was returned to CMHIP for the evaluation ordered in 1994 and found to pose a danger to himself and others. *Id.* Applicant has been held at the CMHIP since November 1997.

Starting in October 2011, and until December 13, 2011, Applicant filed several motions in state court to discontinue his sex offender registration. *See* Pre-Answer Resp., ECF No. 13, App. A at 2. All requests were denied, but Applicant did not appeal these denials. Applicant also filed a Colo. R. Civ. P. 35(c) postconviction motion on June 4, 2013, that was denied on June 25, 2013, which he also did not appeal. *Id.*

Respondents argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Applicant's conviction became final on December 11, 1989, when the time ran for appealing the sentence entered on October 27, 1989.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999); Colo. App. R. 4(b) (Pursuant to Rule 4(b) of the Colorado Appellate Rules that was in effect at the time Applicant was sentenced, he had forty-five days to file a notice of appeal after he was sentenced.)  Accordingly, for purposes of § 2244(d), time began to run on April 24, 1996, because Applicant's conviction was final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The Court next must determine whether any of Applicant's state postconviction motions tolled the one-year limitation period.  Pursuant to 28 U.S.C.§ 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while

the motion is pending. A review of the state court registry shows that from December 12, 1989, until October 27, 2011, nothing was filed in the trial court in this case. For purposes of § 2244(d), the one year time limitation expired on April 24, 1997. From at least April 25, 1997, until October 27, 2011, the time is not tolled. Consequently, this action is time barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). The inmate must allege with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930. Finally, the inmate bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). "A sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v.*

*Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

On Page Seven of the Application, under the "Timeliness of Application" section, Applicant is asked to explain why the Application is not barred by the one-year limitation period. In response Applicant states, "I am still an American Fighting Man I Still believe in this Nation's "Constitution" in which in reguards [sic] to 2244(d) this has constitutional merit's [sic]." This statement is nonresponsive to the one-year limitation inquiry.

In his Reply, Applicant also claims he was on mind altering drugs during the time he pled guilty in the sex assault case and for thirteen to seventeen months prior to when he was found to be competent to stand trial in this case, which was prior to November 1991 when he was found not guilty by reason of insanity. Reply, ECF No. 14. Applicant further asserts in the Supplement to the Reply that he was using street drugs and synthetic drugs during 1990-1991, while he was housed at CMHIP. Supplement, ECF No. 19, at 1. Applicant also states in the Supplement that (1) in 1989, while he was incarcerated at the Colorado Department of Corrections, he did not have access to a law library and suffered from a head injury; (2) from 1988-1990 he was on mass dosages of cocaine; and (3) in 1994 he was taking required medications. *Id.* at 1-2.

Nothing Applicant asserts demonstrates equitable tolling. As stated above, from April 1997 until October 2011, Applicant did not have a postconviction proceeding pending in state court. Even if the Court were to consider that Applicant has been under civil commitment at the CMHIP since November 1997, and the sex offender registration he now is subject to was not effective until July 1, 2002, Applicant was aware that he is required to register as early as October 27, 2011, and sought to

6

challenge the requirement when he submitted his first letter to discontinue.  From December 14, 2011, when his request to reconsider the denial of his last letter to discontinue was denied, until June 4, 2013, when he filed a postconviction motion, Applicant did not have a postconviction motion pending in state court, and none of the reasons given by Applicant for not being able to raise the sex offender registration claim within the time allowed took place from December 2011 to June 2013.  The Court, therefore, will dismiss this action as time-barred.

Because the action clearly is time-barred, the Court need not address Respondents' argument that Applicant's claims are procedurally defaulted.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as time-barred under 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   23rd   day of   October        , 2013.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court